*Law Offices of*
***BONNETT, FAIRBOURN, FRIEDMAN***
***& BALINT, P.C.***
*2901 North Central Avenue*
*Suite 1000*
*Phoenix, Arizona 85012-3311*
*(602) 274-1100*

*Wendy J. Harrison (014461)*
*wharrison@bffb.com*
*Ty D. Frankel (027179)*
*tfrankel@bffb.com*
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Penney MILLETT, on behalf of herself and all those similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EMERALD GROVES, INC., an Arizona corporation, Ahmed HASSAN and Jennifer HASSAN,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Penney Millett, individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiff) for her Complaint against Emerald Groves, Inc., Ahmed Hassan, and Jennifer Hassan (hereinafter collectively referred to as "Defendants" or "Emerald Groves") alleges as follows:

### I. NATURE OF THE CASE

1.　Plaintiff brings this action against Emerald Groves for its unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355.

2.　This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid minimum wage compensation and treble damages

resulting from Emerald Groves' violations of the Arizona Wage Statute. For both collective and class action purposes, the proposed class consists of:

> Current and former hourly employees at Emerald Groves, Inc. who, during the liability period, worked at or for the residential care facilities operated by Emerald Groves, Inc.

3. For at least three (3) years prior to the filing of this action (the "Liability Period"), Emerald Groves had and continues to have a consistent policy and practice of suffering or permitting its residential care employees, including Plaintiff, to work well in excess of forty (40) hours per week, and in excess of eighty (80) hours per two weeks, without paying them proper overtime compensation as required by federal and state wage and hour laws. Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, statutory penalties, reasonable attorneys' fees and litigation costs on behalf of herself and all similarly situated current and former employees who worked for Emerald Groves. Plaintiff and all similarly situated current and former residential care employees who may opt-in pursuant to 29 U.S.C. § 216(b) seek liquidated damages.

4. Plaintiff intends to request the Court to authorize notice to all similarly situated persons informing them of the pendency of the action and their right to "opt-into" this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking overtime compensation and liquidated damages under federal law.

## II.  JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiff and other similarly-situated employees were employed by Emerald Groves in this District.

### III. PARTIES

8. At all times relevant to the matters alleged herein, Plaintiff Penney Millett resided in the State of Arizona in Maricopa County.

9. Plaintiff Millett was a full-time, non-exempt employee of Emerald Groves in or around 2005, 2006, and 2007, and most recently from in or around December 2009 until in or around January 2011.

10. Plaintiff Millett worked during her tenure for Emerald Groves as a cook, caregiver, and "manager."

11. Plaintiff did not work for a predetermined wage but instead was paid hourly and thus her wages varied based on the amount of time she worked.

12. Plaintiff was a non-exempt employee under the FLSA.

13. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become Party Plaintiff, signed by the above-named Representative Plaintiff, Penney Millett.

14. Defendant Emerald Groves is an Arizona corporation, authorized to do business in Arizona, and operates assisted living facilities.

15. Plaintiff and Class Members were employees as defined in 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

16. At all relevant times, Emerald Groves was an employer as defined by 29 U.S.C. § 203(d).

17. There was no agreement between Emerald Groves and Plaintiff altering the overtime wage requirements for employees who work in excess of forty (40) hours per week mandated by the FLSA.

### IV. FACTUAL BACKGROUND

18. Emerald Groves is an Arizona corporation operating assisted living facilities in Arizona for seniors.

19. Emerald Groves has three assisted living facilities in Mesa, Arizona, including Emerald Groves North, Emerald Groves Central and Emerald Groves South.

20. Emerald Groves employs staff members at the assisted living facilities, including but not limited to cooks, caregivers and "managers."

21. Regardless of the title given to the employee, Emerald Groves did not pay its employees on a salary basis.

22. The staff members employed by Emerald Groves at or for its assisted living facilities, including those deemed "managers," are paid hourly wages depending on the amount of time worked on a given day.

23. The employees, including those deemed "managers," are therefore non-exempt employees. The managerial exception would not apply because the employees are paid hourly depending on the quantity of hours worked, and do not receive a predetermined wage.

24. In or around 2005, 2006, and 2007, and again from in or around December 2009 until in or around January 2011, Plaintiff was employed by Emerald Groves as a cook, caregiver and "manager."

25. As a cook, caregiver, and "manager," Plaintiff performed tasks such as cooking, taking care of residents, and operating and coordinating the daily tasks of the facilities.

26. Throughout employment with Emerald Groves, Plaintiff was paid an hourly wage dependent on the quantity of time worked. There was no predetermined amount of wages that would be received by Plaintiff.

27. Emerald Groves required Plaintiff routinely to work in excess of forty (40) hours per week and eighty (80) hours per two weeks as part of her regular schedule.

28. Nevertheless, Plaintiff was not paid proper overtime wages in violation of the FLSA and Arizona Wage Statute.

### V. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings her claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of herself and others similarly situated, properly defined as:

> Current and former hourly employees at Emerald Groves, Inc. who,

during the liability period, worked at or for the residential care facilities operated by Emerald Groves, Inc.

30. Emerald Groves' illegal overtime wage practices were widespread with respect to the proposed class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

31. Emerald Groves' overtime wage practices were routine and consistent. Throughout the Liability Period, employees regularly were not paid the proper overtime wage despite working in excess of forty hours per week and eighty hours per two weeks.

32. Other employees performed the same or similar job duties as Plaintiff. Moreover, these non-exempt employees regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by Emerald Groves' unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

33. Emerald Groves' failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the others employed by Emerald Groves.

34. The specific job titles or precise job requirements of the various members of the collective action do not prevent collective treatment. All Emerald Groves employees, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## VI. CLASS ACTION ALLEGATIONS

35. The state law claims under the Arizona Wage Statute are brought as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3). The class is defined in paragraph 2 above.

36. Throughout the Liability Period, Emerald Groves has employed a large number of staff at its assisted living facilities. The class is therefore so numerous that joinder of all members

is impracticable. Members of the class can readily be identified from business records maintained by Emerald Groves.

37. Proof of Emerald Groves' liability under the Arizona Wage Statute involves factual and legal questions common to the class. Whether Defendants paid Class members the proper wages due in accordance with A.R.S. § 23-351, 23-353, 23-355 is a question common to all Class Members.

38. Like Plaintiff, all Class Members worked without being paid the statutorily required overtime wage. Plaintiff's claim is therefore typical of the claims of the class.

39. Plaintiff has no interest antagonistic to those of other Class Members and has retained attorneys who are knowledgeable in wage and hour and class action litigation. The interests of Class Members are therefore fairly and adequately protected.

40. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

41. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Arizona's Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources. Further, because the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the class to individually redress the wrongs done to them.

42. Plaintiff's Arizona Wage Statute claim is easily managed as a class action. The issue of liability is common to all Class Members. Although the amount of damages may differ by individual, they are objectively ascertainable and can be easily calculated.

### VII. COUNT ONE

**(Failure to Properly Pay Overtime Wages - FLSA - 29 U.S.C. § 207)**

43. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

44. Plaintiff was a non-exempt, hourly employee entitled to the statutorily mandated overtime pay.

45. Plaintiff did not work for a predetermined amount but instead was paid hourly causing her wages to depend on the amount of time she worked.

46. Emerald Groves was an employer.

47. Emerald Groves failed to comply with 29 U.S.C. § 207 because Plaintiff worked for Emerald Groves in excess of forty hours per week (and eighty hours per two weeks), but Emerald Groves failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

48. There was no agreement between Plaintiff and Emerald Groves altering Emerald Groves' overtime requirements for hours worked in excess of forty per week under the FLSA.

49. Emerald Groves' failure to pay overtime to Plaintiff was willful. Emerald Groves knew Plaintiff was working overtime but failed to properly pay overtime wages. Emerald Groves had no reason to believe its failure to pay overtime was not a violation of the FLSA.

50. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

### VIII. COUNT TWO

**(Failure to Pay Timely Wages Due - Arizona Wage Statute)**

51. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

52. Emerald Groves was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

53. Emerald Groves was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

54. Emerald Groves failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

///

55. Emerald Groves has willfully failed and refused to timely pay regular and overtime wages due to Plaintiff. As a result of Emerald Groves' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## IX.  REQUESTED RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all others similarly situated, prays:

A. For the Court to order the Defendants to file with this Court and furnish to Plaintiffs' counsel a list of the names and addresses of all employees at the assisted living facilities operated by Emerald Groves for the past three years;

B. For the Court to authorize Plaintiffs' counsel to issue notice at the earliest possible time to all employees at the assisted living facilities operated by Emerald Groves for the past three years immediately preceding this action, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they worked hours in excess of forty (40) hours in a week during the Liability Period, but were not paid overtime as required by the FLSA;

C. For the Court to declare and find that the Defendants committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff and persons similarly situated who opt into this action;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

D. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

E. For the Court to award interest on all overtime compensation due accruing from the date such amounts were due;

F. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

G.  For the Court to award restitution;

H.  For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

I.  For the Court to award pre- and post-judgment interest;

J.  For the Court to award Plaintiffs' resulting consequential damages, in an amount to be proven at trial; and,

K.  For such other relief as the Court deems just and proper.

## X. DEMAND FOR JURY TRIAL

56. Plaintiff, on behalf of herself and all others similarly-situated, hereby demands trial of her claims by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED this 27th day of January, 2011.

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

/s/ Ty D. Frankel
Wendy J. Harrison
Ty D. Frankel
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona 85012
Attorneys for Plaintiff