# EXHIBIT A

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered by and between Penney Millett ("Millett"), Susan Hartwell ("Hartwell") and Laura Henderson Lofton ("Lofton") (collectively the "Plaintiffs") and Emerald Groves, Inc. ("Emerald Groves"), Ahmed Hassan, and Jennifer Hassan (collectively the "Defendants"). The Plaintiffs and the Defendants are collectively referred to herein as the "parties."

### RECITALS

A.  Millett was employed by Emerald Groves from on or about December 12, 2009, until on or about January 10, 2011.

B.  Hartwell was employed by Emerald Groves from on or about June 1, 2006, until on or about January 30, 2011.

C.  Lofton was employed by the Emerald Groves from on or about September 1, 2008, until on or about May 1, 2010.

D.  Disputes have arisen between the parties with respect to events alleged to have occurred during Plaintiffs' employment with Emerald Groves.

E.  Millett has asserted various claims against the Defendants in a civil action pending in the United States District Court for the District of Arizona (the "Court"), where it is designated "Penney Millett, on behalf of herself and all those similarly situated v. Emerald Groves, Inc., an Arizona Corporation, Ahmed Hassan and Jennifer Hassan, Cause No. CV-11-00184-PHX-DGC" (the "Lawsuit"). Hartwell and Lofton have each separately filed a Consent To Opt-Into Collective Action in the Lawsuit.

F.  The parties desire to settle and compromise the individual claims asserted in the Lawsuit. The parties, through counsel, have carefully negotiated, in good faith and at

arms-length, a settlement of all of Plaintiffs' individual claims asserted in the Lawsuit, including but not limited to Plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355, in order to achieve a fair and reasonable compromise of all disputed issues of fact and law in order to fully and finally resolve Plaintiffs' individual claims against the Defendants. This settlement applies only to the individual claims asserted by Plaintiffs and in no way releases or waives the rights of any purported class members' claims.

## AGREEMENT

For valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1. Upon execution of this Agreement, the parties will promptly execute and file with the Court a Joint Motion For Approval of Settlement Agreement in Cause No. CV-11-00184-PHX-DGC in the form attached hereto as Exhibit A, and lodge with the Court an accompanying Proposed Order Approving Settlement Agreement and Dismissing Case With Prejudice in the form attached hereto as Exhibit B.

2. Upon filing the Joint Motion For Approval of Settlement Agreement and Proposed Order Approving Settlement Agreement and Dismissing Case With Prejudice referred to in paragraph 1 above, Emerald Groves will pay to Millett the gross sum of $18,319.00 in satisfaction of her disputed claims for unpaid overtime under the FLSA and Arizona state law (Counts I & II of the Complaint). It is expressly understood by and between the parties that this amount is subject to withholding of federal and state income taxes, and any applicable FICA and/or FUTA taxes, and that Millett's execution of this Agreement constitutes her authorization

and direction to Emerald Groves to withhold such taxes and remit them to the appropriate authorities.

3. Upon filing the Joint Motion For Approval of Settlement Agreement and Proposed Order Approving Settlement Agreement and Dismissing Case With Prejudice referred to in paragraph 1 above, Emerald Groves will pay to Hartwell the gross sum of $7,371.74 in satisfaction of her disputed claims for unpaid overtime under the FLSA and Arizona state law (Counts I & II of the Complaint). It is expressly understood by and between the parties that this amount is subject to withholding of federal and state income taxes, and any applicable FICA and/or FUTA taxes, and that Hartwell's execution of this Agreement constitutes her authorization and direction to Emerald Groves to withhold such taxes and remit them to the appropriate authorities.

4. Upon filing the Joint Motion For Approval of Settlement Agreement and Proposed Order Approving Settlement Agreement and Dismissing Case With Prejudice referred to in paragraph 1 above, Emerald Groves will pay to Lofton the gross sum of $2,990.72 in satisfaction of her disputed claims for unpaid overtime under the FLSA and Arizona state law (Counts I & II of the Complaint). It is expressly understood by and between the parties that this amount is subject to withholding of federal and state income taxes, and any applicable FICA and/or FUTA taxes, and that Lofton's execution of this Agreement constitutes her authorization and direction to Emerald Groves to withhold such taxes and remit them to the appropriate authorities.

5. Upon filing the Joint Motion For Approval of Settlement Agreement and Proposed Order Approving Settlement Agreement and Dismissing Case With Prejudice referred to in paragraph 1 above and Emerald Groves' receipt of a properly completed and signed W-9

form from Plaintiffs' attorney, Emerald Groves will pay to Plaintiffs' counsel, the Law Firm of Bonnett, Fairbourn, Friedman & Balint, PC, the gross amount of $15,000.00 in satisfaction of Plaintiffs' disputed claim for attorneys' fees and costs alleged to have been incurred by them as a result of the matters alleged in the Lawsuit. A 1099 form will be issued to Bonnett, Fairbourn, Friedman & Balint, PC, reflecting this payment.

6. The checks for the settlement payments described in paragraphs 2 – 5 above will be delivered to counsel for Plaintiffs not later than twenty (20) business days after all Plaintiffs execute this Agreement and deliver it to Emerald Groves. Plaintiffs' counsel will hold each of the settlement checks in trust until the Court approves this Agreement and dismisses with prejudice Plaintiffs' claims in the Lawsuit. Plaintiffs' counsel will return the checks to Defendants' counsel within two business days of any order refusing to approve this Agreement and/or refusing to dismiss with prejudice Plaintiffs' claims in the Lawsuit.

7. Plaintiffs understand that the settlement sums described in paragraphs 2 – 5 above shall constitute the sole financial obligation of the Defendants to Plaintiffs under this Agreement. Other than as set forth above, Plaintiffs and Defendants each will bear their own attorneys' fees and costs.

Except as otherwise expressly provided herein, Plaintiffs hereby fully release and forever discharge Emerald Groves, any and all of its successors, affiliates, subsidiaries, parent companies, and assigns, and any and all of the agents, principals (including but not limited to Ahmed Hassan and Jennifer Hassan), employers, attorneys, or employees of any of them, from liability for the individual claims asserted in this Lawsuit, or any obligation, demand, cause of action, controversy or claim arising under common law or statute, relating to allegedly unpaid overtime wages as a result of time spent working for Emerald Groves until and including the date

this Agreement is executed. The released individual claims shall also include any debt, obligation, demand, penalty, application for attorneys' fees and/or dispute resolution costs, cause of action, judgment, controversy, or claim of any kind whatsoever between Plaintiffs and Defendants, whether arising under common law or statute, relating to allegedly unpaid overtime wages, penalties and/or interest, including but not limited to any claim for pay as a result of time spent working for Emerald Groves up to and including the date of execution of this Agreement. This settlement applies only to the individual claims asserted by Plaintiffs and in no way releases or waives the rights of any purported class members' claims.

8. By entering into this Agreement, none of the parties is admitting any liability to any other party for any claims or causes of action that any other party may claim to have. This Agreement shall not be construed as an adjudication, finding or admission that any party to the Agreement has acted improperly or is liable to any other party to the Agreement for any past or present act or omission relating to the subject matter of the Lawsuit or otherwise, but instead is an agreement arising from the parties' settlement of all disputed claims and causes of action between them.

9. Plaintiffs agree not to sue, to file a "consent to participate," or to make a claim or demand in any action or proceeding against Defendants claiming unpaid overtime under the FLSA for hours worked up to and including the date of execution of this Agreement. Further, Plaintiffs agree to refuse to accept any money, benefit, or other relief from any FLSA proceeding against Defendants whether brought by Plaintiffs or any other person, agency or entity for hours worked up to and including the date of execution of this Agreement.

10. Plaintiffs warrant and represent that they have not assigned or transferred to anyone any of the legal rights or claims that they are releasing with this Agreement.

11. Plaintiffs agree not to seek employment with Emerald Groves or any of its successors, subsidiaries, or affiliate companies at any time in the future.

12. Plaintiffs understand and agree that their receipt of this Agreement shall constitute written notice to them to consult with an attorney prior to executing this Agreement.

13. The laws of the State of Arizona will apply to this Agreement.

14. This Agreement may only be modified in writing signed by a duly authorized representative of the parties.

15. Except as otherwise expressly provided herein, each party shall bear her or its own attorneys' fees and costs.

16. Plaintiffs agree that they have carefully and fully investigated and now understand the nature and extent of the claims against the Defendants that they are releasing with this Agreement. Plaintiffs agree that (i) they have been actively and effectively represented by counsel in the negotiation and preparation of the terms and conditions of this Agreement; (ii) they have had a full and fair opportunity to review this Agreement and actually have discussed it with their attorney before signing it; (iii) they realize that this Agreement contemplates the extinction of all of their claims against Defendants; and (iv) they sign this Agreement knowingly, voluntarily and without duress or coercion.

17. This Agreement compromises claims contested in good faith and, thus, it is entered into for settlement purposes only. The parties agree that the Agreement does not constitute an admission of any FLSA violation or any FLSA liability to Plaintiffs or of any obligation to Plaintiffs for unpaid overtime wages, back pay, front pay, or any other damages.

18. Plaintiffs and Defendants recognize and agree that the Court must approve this Agreement and the settlement of Plaintiffs' FLSA claims against Defendants and that this

Agreement shall not be effective or enforceable until such approval and dismissal occurs. Therefore, Plaintiffs and Defendants agree that the settlement contemplated by this Agreement is expressly contingent on such approvals and the dismissal with prejudice of Plaintiffs' individual claims in the Lawsuit and further agree that, if such approval is not given or the dismissal does not occur, this Agreement is void *ab initio* and cannot be used or referred to for any purpose whatsoever.

19. Plaintiffs and Defendants agree that confidentiality is a critical term of this Agreement but they also recognize that this Agreement must be filed with and approved by the Court in this Lawsuit. However, it is the intent of the parties, and the specific agreement of the parties, that this settlement will not be disclosed other than as required in the Lawsuit, required by a subpoena or court order or required by law (such as with Plaintiffs' filings of income tax returns). Therefore, Plaintiffs and Defendants agree that, unless required in the Lawsuit or by a subpoena/court order or by law, that the terms of this settlement and Agreement, and the negotiation or circumstances surrounding the negotiation of this Agreement are, and will remain, confidential as among Plaintiffs and Defendants. Absent prior order of the court, Plaintiffs and Defendants will provide no information concerning the amount of this settlement or any other terms of this Agreement to anyone other than the individuals, entities, or courts described herein. If asked about this Lawsuit, Plaintiffs and Defendants will merely state words to the effect of the case has been settled in a manner satisfactory to the parties. Notwithstanding the above, Plaintiffs and Defendants may disclose the terms of this settlement to accountants, attorneys, and other professionals to the extent necessary to comply with tax laws, for purposes of issuing payments pursuant to Sections 2, 3, 4 and 5 of this Agreement, for the purpose of applying for insurance or in reports to its insurance carriers, in order to satisfy disclosure or reporting

requirements imposed by law, or as permitted by court order following notification in writing to the other parties to this Agreement of an intention to seek such an order. Plaintiffs and Defendants agree that the amount of this settlement may be referenced in accounting or other business records of Plaintiffs or Defendants.

20. The parties agree to use their best efforts and to cooperate to the extent reasonably necessary in order to implement this Agreement.

21. If any party initiates proceedings for breach of this Agreement, the prevailing party shall recover her or its attorneys' fees and costs, including such fees and costs of any enforcement or appeal proceedings. The United States District Court for the District of Arizona will have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement.

22. This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which will be deemed an original of this Agreement. All counterparts of any such document together will constitute one and the same instrument. Facsimile signatures shall be deemed to be effective as original signatures.

Dated: 4-13-11                                    _____
                                                  PENNEY MILLETT

Dated:_____                     _____
                                                  SUSAN HARTWELL

Dated:_____                     _____
                                                  LAURA HENDERSON LOFTON
///

8

requirements imposed by law, or as permitted by court order following notification in writing to the other parties to this Agreement of an intention to seek such an order. Plaintiffs and Defendants agree that the amount of this settlement may be referenced in accounting or other business records of Plaintiffs or Defendants.

20. The parties agree to use their best efforts and to cooperate to the extent reasonably necessary in order to implement this Agreement.

21. If any party initiates proceedings for breach of this Agreement, the prevailing party shall recover her or its attorneys' fees and costs, including such fees and costs of any enforcement or appeal proceedings. The United States District Court for the District of Arizona will have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement.

22. This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which will be deemed an original of this Agreement. All counterparts of any such document together will constitute one and the same instrument. Facsimile signatures shall be deemed to be effective as original signatures.

Dated:_____

_____
PENNEY MILLETT

Dated: 4-13-11

_____
SUSAN HARTWELL

Dated:_____

_____
LAURA HENDERSON LOFTON

///

8

requirements imposed by law, or as permitted by court order following notification in writing to the other parties to this Agreement of an intention to seek such an order. Plaintiffs and Defendants agree that the amount of this settlement may be referenced in accounting or other business records of Plaintiffs or Defendants.

20. The parties agree to use their best efforts and to cooperate to the extent reasonably necessary in order to implement this Agreement.

21. If any party initiates proceedings for breach of this Agreement, the prevailing party shall recover her or its attorneys' fees and costs, including such fees and costs of any enforcement or appeal proceedings. The United States District Court for the District of Arizona will have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement.

22. This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which will be deemed an original of this Agreement. All counterparts of any such document together will constitute one and the same instrument. Facsimile signatures shall be deemed to be effective as original signatures.

Dated:_____                    _____
                                                PENNEY MILLETT

Dated:_____                    _____
                                                SUSAN HARTWELL

Dated: 04-13-2011                               _____
                                                LAURA HENDERSON LOFTON
///

Case 2:11-cv-00184-DGC  Document 21-1  Filed 04/20/11  Page 12 of 12


Dated: April 14, 2011

AHMED HASSAN

Dated: April 14, 2011

JENNIFER HASSAN

Dated: April 14, 2011

EMERALD GROVES, INC.

By: _____

Its:

9